UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTIN JEAN KANO-MANNAZ,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C24-6055-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1976, has one year of college education and job training in animal research, and worked most recently as a logistics supervisor and program coordinator. AR 175-76, 1564. She was last employed in 2018. AR 176, 1296.

Plaintiff applied for DIB in July 2018, alleging disability as of January 5, 2018. AR 156-57. Her application was denied initially and on reconsideration and, following an October 2020 hearing, AR 30-65, an ALJ found Plaintiff not disabled in a decision dated October 30, 2020,

AR 15-25.  The Appeals Council denied Plaintiff's request for review, AR 1-5, and this Court, by Order dated November 16, 2021, reversed and remanded for further administrative proceedings, AR 1146-55.

An ALJ held a second hearing in January 2023, AR 1116-41, and, on February 22, 2023, issued a decision finding Plaintiff not disabled, AR 1095-1110.  Plaintiff sought direct review in this Court and the Court, by Order dated September 27, 2023, again reversed and remanded for further administrative proceedings, AR 1611-18.  An ALJ held a third hearing in August 2024, AR 1560-85, and, on October 22, 2024, issued a decision finding Plaintiff not disabled, AR 1535-52.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since her alleged onset date and through her date insured of December 31, 2022.

**Step two**:  Plaintiff has the following severe impairments:  right shoulder arthritis, impingement syndrome; lumbar degenerative disc disease; cervical degenerative disc disease; seronegative rheumatoid arthritis; fibromyalgia; post-traumatic stress disorder; depressive disorder; and anxiety disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work, except that she can sit for six hours and stand and/or walk combined for six hours; occasionally balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; frequently climb ramps and stairs; bilateral fine fingering and gross handling is frequent; right upper extremity overhead reaching is occasional; must avoid concentrated exposure to hazards; is capable of simple tasks; and can interact occasionally with the general public, coworkers, and supervisors.

**Step four**:  Plaintiff cannot perform past relevant work.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 1535-52.

Plaintiff appealed this final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

# DISCUSSION

Plaintiff argues the ALJ erred in assessing the medical opinion of State agency psychological consultant Bruce Eather, Ph.D. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.   Standard for Assessing Medical Opinions

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The "supportability" factor addresses the relevance of the objective evidence presented in support of an opinion, as well as the "supporting explanations" provided by the medical source. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The "consistency" factor examines the consistency of the opinion with evidence from other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The more consistent an opinion is with that other evidence, the more persuasive it will be. *Id*. An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### B.   The ALJ Did Not Err in Assessing Dr. Eather's Opinion

Dr. Eather offered an opinion at the reconsideration level. *See* AR 87-88, 92-94. He opined Plaintiff was capable of performing a regular forty-hour work week with occasional concentration, persistence, or pace interruptions due to psychological symptoms, with occasional superficial contact with coworkers, supervisors, and the public, and in adapting to minor changes. AR 92-94.

The ALJ found this opinion unpersuasive because it was not supported by reference to objective medical evidence or an explanation for why the evidence suggested significant

1 limitation in adaptation, concentration, persistence, or pace, or "the need for a limitation to
2 'superficial' contact in the setting of occasional interaction with supervisors, coworkers, or the
3 public." AR 1548 (citing AR 83-96). The ALJ also found the opinion inconsistent with the
4 "current and complete medical record as a whole, which likewise does not suggest the need for
5 these additional limitations." *Id*. In support, the ALJ pointed to the record as including mental
6 status exam (MSE) findings at the psychological consultative examination showing normal dress
7 and hygiene, open and cooperative attitude, no abnormal thought process, normal stream of
8 thought, intact fund of knowledge and abstract thinking, and reasonably good insight, judgment,
9 and impulse control, as well as MSEs in the treatment record showing friendly and cooperative
10 demeanor, good eye contact, normal speech and language, no abnormal thought content, and
11 easy engagement with conversation. *Id*. (citing AR 274, 303, 313, 332, 339, 527-30, 553, 559-
12 60, 577, 596, 774, 1026, 1029, 1035, 1057, 1078, 1356).

13 Plaintiff asserts error in the ALJ's failure to address Dr. Eather's opinion that Plaintiff
14 was moderately impaired in the ability to accept instructions and respond appropriately to
15 criticism from supervisors in the workplace. *See* AR 93. She asserts that the Court expressly
16 instructed the Commissioner to address this specific limitation, and that the Court found that
17 limitation and the limitation to occasional superficial contact with supervisors "separate and
18 distinct" opinions for which the ALJ was required to provide separate supportability and
19 consistency findings. Dkt. 9 at 3 (citing AR 1611-18).

20 The Court, as an initial matter, finds clarification of Dr. Eather's opinion as to Plaintiff's
21 social interaction limitations necessary. As the Commissioner observes, the indication that
22 Plaintiff was moderately limited in the ability to accept instructions and respond appropriately to
23 criticism from supervisors was not offered by Dr. Eather as a functional capacity finding. As

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

1  explained in the form Dr. Eather completed, while the questions eliciting that response and
2  others "help determine the individual's ability to perform sustained work activities[,]" the
3  "actual" mental RFC assessment is recorded in the narrative discussion describing how the
4  evidence supports the physician's conclusion as to "each category of limitation (i.e.,
5  understanding and memory, sustained concentration and persistence, social interaction and
6  adaptation)."  AR 92.  In this case, after answering a series of questions about Plaintiff's social
7  interaction abilities, including but not limited to her ability to accept instructions and respond
8  appropriately to criticism from supervisors, Dr. Eather explained the actual assessed social
9  interaction limitation in narrative form as follows:  "[Claimant] capable of occasional superficial
10 contact [with] coworkers, supervisors, and the public."  AR 93.

11        The Court further finds no error in the ALJ's assessment of Dr. Eather's opinion of
12 Plaintiff's social interaction limitations.  As reflected above, the ALJ included in the RFC an
13 ability to occasionally interact with the general public, coworkers, and supervisors, AR 1541, but
14 declined to adopt Dr. Eather's opinion of a limitation to "superficial" contact in that setting, AR
15 1548.  In rejecting that limitation, the ALJ properly addressed both supportability and
16 consistency, finding the limitation to superficial contact not supported by reference to objective
17 medical evidence or an explanation and inconsistent with the record as a whole, including MSE
18 findings at a consultative examination and other MSEs in the treatment record.  *Id*.  Plaintiff does
19 not identify, *see* Dkts. 9 & 13, and the Court does not find any error with respect to these
20 supportability and consistency findings.

21        Plaintiff's assignment of error instead focuses on language in this Court's September
22 2023 Order.  However, in so doing, Plaintiff fails to acknowledge critical differences between
23 the ALJ decision addressed in that Order and the ALJ decision currently before the Court.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

First, the 2023 ALJ decision, like the 2020 ALJ decision, did not contain any RFC limitation related to supervisors. *See* AR 19, 1101. Both decisions contained social interaction limitations related only to coworkers and the public. *Id*. The Court, as such, found error in the ALJ's failure to sufficiently account for Dr. Eather's opinion as to Plaintiff's supervisory-related interactions and pointed to case law recognizing that limitations in relation to coworkers and the public "'do not address the separate dynamic created by the supervisory relationship.'" AR 1615, 1618 (quoting *Dennis v. Colvin*, No. C14-0822, 2015 WL 3867506, at *8 (D. Or. Jun. 20, 2015)); *accord* AR 1150 (2021 Court Order finding same). In contrast, the ALJ decision now before the Court contains a limitation to occasional interaction with supervisors.

Second, in the 2023 Order, the Court addressed the ALJ's supportability finding of an "internal conflict" between Dr. Eather's answer to the question regarding supervisory instructions and criticism and his narrative conclusion that Plaintiff was capable of handling occasional superficial contact with supervisors. *See* AR 1106-07, 1614-16. The ALJ decision now before the Court contains no such finding. *See* AR 1548. As noted above, the ALJ found the limitation to superficial contact not supported by reference to objective medical evidence or an explanation. *Id*. The ALJ also, and unlike the ALJ decision addressed in the 2023 Court Order, explains and provides citations to the record in support of the finding of inconsistency. *See id*.; AR 1616-17.

The Court, in sum, finds no basis for Plaintiff's contention that the ALJ erred in failing to assess Dr. Eather's answer to the question regarding accepting instructions and handling criticism as a separate and distinct opinion. Because the ALJ provided legally sufficient reasons for rejecting Dr. Eather's opinion that Plaintiff was limited to superficial contact with coworkers, supervisors, and the public, the Court finds no error.

# CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 25th day of September, 2025.

S. KATE VAUGHAN
United States Magistrate Judge